| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> K. ALLISON, et al., <br><br> Defendants. | 1:21-cv-00912-GSA-PC <br><br> **ORDER DIRECTING CLERK TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS CASE** <br><br> **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT UNDER THE THREE STRIKES PROVISION OF 28 U.S.C. § 1915(g), PLAINTIFF BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS WITH THIS CASE AND BE REQUIRED TO PAY THE $402.00 FILING FEE BEFORE PROCEEDING WITH THIS § 1983 CASE** <br><br> **(ECF No. 1.)** <br><br> **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## I. BACKGROUND

Christopher Lipsey, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* with this civil rights action. On June 9, 2021, Plaintiff filed the Complaint commencing this action, which he

1

titled "Emergency Complaint under the Civil Rights Act of 42 U.S.C. § 1983," bringing claims for adverse conditions of confinement against R. Diaz (former CDCR Secretary), C. Pfieffer (Warden, Kern Valley State Prison (KVSP), Correctional Officer D. Castillo, K. Allison (current CDCR Secretary), S. Tallerico (KVSP Correctional Counselor), and E. Stark. (ECF No. 1.) Plaintiff has not submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 or paid the $402.00 filing fee for this action. This court shall direct the Clerk to assign a district judge to this case and shall recommend that under the three-strikes provision of 28 U.S.C. § 1915(g), Plaintiff be denied leave to proceed *in forma pauperis* with this case, and be required to pay the $402.00 filing fee in full before proceeding with his §1983 action.

## II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing

fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Andrews further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." Andrews, 398 F.3d at 1121 (quotation and citation omitted).

### III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the

Complaint was filed, under imminent danger of serious physical injury.  Court records reflect that on at least three prior occasions Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

See:

1) Lipsey v. SATF Prisons Ad Seg Property Officers, et al., Civil Case No. 1:15-cv-00691-LJO-SKO-PC (E.D. Cal. June 6, 2018 Order dismissing action for failure to state a claim) (strike one);

2) Lipsey v. Court of Appeal, et al., Civil Case No. 2:17-cv-08985-AG-JC (C.D. Cal. Dec. 27, 2017 Order of dismissal as frivolous, malicious, or for failure to state a claim) (strike two);

3) Lipsey v. Secretary of CDCR, et al., Civil Case No. 2:17-cv-05094 AG(JC) (C.D. Cal. May 16, 2018 Order of dismissal for failure to state a claim, failure to comply with court order, and failure to prosecute) (strike three);

4) Lipsey v. M. Guzman, et al., Civil Case No. 1:17-cv-00896-AWI-EPG-PC (E.D. Cal. July 3, 2018 Order of dismissal for failure to state a claim) (strike four); and

5) Lipsey v. Court of Appeal of the State of California, Appeal No. 18-55042 (9th Cir. Sept. 20, 2018 Order of dismissal as frivolous) (strike 5).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Cervantes, 493 F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is

///

pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception. See Cervantes, 493 F.3d at 1053.  In the Complaint, Plaintiff alleges that (1) the hot water at KVSP in Administrative Segregation is yellow or brown in color from copper pipes, causing Plaintiff to suffer from headaches, stomach aches, loss of hair, fatigue, and chest pains; (2) he is being wrongly held in solitary confinement in Administrative Segregation; and  (3) he is not provided with working pen fillers or enough soap to avoid exposure to the Covid virus.

Plaintiff fails to allege that he was subjected to an objectively serious harm. Only the first of the above allegations is deserving of the court's analysis.  In this regard, the fact that the hot water at KVSP is yellow or brown in color does not, of itself, subject Plaintiff to an objectively serious harm. Plaintiff's claim rests upon his speculation that copper is present in KVSP's hot water and that his consumption of copper is the cause of his symptoms. Plaintiff offers only conclusory allegations indicating that copper exists in the water and that he is in imminent danger of serious physical harm because he drinks the water.  Thus, Plaintiff's Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.  Therefore, Plaintiff should be denied leave to proceed *in forma pauperis* in this action and must submit the $402.00 filing fee in order to proceed.

## IV.     CONCLUSION AND RECOMMENDATIONS

The Clerk of Court is **HEREBY DIRECTED** to assign a district judge to this case; and based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Plaintiff be DENIED leave to proceed *in forma pauperis* with this case under the three strikes provision of 28 U.S.C. § 1915(g); and
2. Plaintiff be required to pay the $402.00 filing fee in full for this case, within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen**

**(14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 10, 2021**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE